NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0366n.06

No. 21-2922

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Sep 08, 2022
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )     ON APPEAL FROM THE
                                         )     UNITED STATES DISTRICT
v.                                       )     COURT FOR THE WESTERN
                                         )     DISTRICT OF MICHIGAN
CHARLES MAURICE LEVY,                    )
                                         )     **OPINION**
    Defendant-Appellant.                 )
                                         )

Before: MOORE, THAPAR, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Charles Maurice Levy pleaded guilty to a felon-in-possession charge. On appeal, he challenges the procedural and substantive reasonableness of his sentence. We **AFFIRM**.

## I. BACKGROUND

On November 3, 2020, police officers responded to a complaint that an individual holding a gun repeatedly drove past a residence and threatened to "shoot up the house." R. 49 (Presentence Investigation Report (PSR) ¶ 11) (Page ID #153). The same complainant contacted the police the following day, stating that the same individual was screaming outside of the complainant's house. *Id.* ¶ 13 (Page ID #154). Upon arriving, the police observed a vehicle outside the home. *Id.* They attempted to pull the vehicle over, but it drove off. *Id.*

When the vehicle stopped, Charles Levy and Nicole White got out of the car. *Id.* ¶ 14 (Page ID #154). Levy told the officers that there were two guns in the car but denied that the guns were his. *Id.* The police searched Levy and White. *Id.* ¶ 15 (Page ID #154). They found small amounts of methamphetamine on both Levy and White and several firearms in the car. *Id.*

Levy pleaded guilty to count one of the superseding indictment: being a felon in possession of a firearm. R. 53 (Minutes) (Page ID #209); *see* R. 22 (Superseding Indictment at 1) (Page ID #50). The guidelines range was 63 to 78 months. R. 67 (Tr. at 5) (Page ID #270). Pointing primarily to the seriousness of the offense, the district court sentenced Levy to 78 months of incarceration. *Id.* at 14 (Page ID #279). Levy timely appealed. R. 57 (Notice of Appeal) (Page ID #224).

## II. ANALYSIS

### A. Standard of Review

On appeal, Levy challenges the procedural and substantive reasonableness of his sentence. We typically review a sentence's reasonableness for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Levy did not make a procedural-reasonableness objection at sentencing, even after the opportunity to raise further objections, we review this issue for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). To succeed on plain error review, Levy must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

### B. Procedural Reasonableness

A sentence is procedurally unreasonable if the district court "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range, treat[ed] the Guidelines as mandatory, fail[ed] to

2

consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Levy argues that the district court abused its discretion by failing to consider his positive characteristics.

The district court considered all the § 3553 factors and explained the basis for the sentence. R. 67 (Tr. at 11–15) (Page ID #276–80). With respect to "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the district court noted Levy's age, education, children, upbringing, addiction issues, and prior criminal history, R. 67 (Tr. at 12) (Page ID #277). The district court considered these issues, but it also expressed concern that this was "one of the more serious [felon-in-possession cases] that [it] ha[d] encountered." *Id.* at 14 (Page ID #279). In particular, the district court noted that Levy "used [the gun] to threaten somebody who obviously took that threat very seriously," and pointed to the victim impact statement which expressed the victim's fears about his safety. *Id.* at 12 (Page ID #277); *see* R. 52-1 (Victim Impact Statement) (Page ID #205–08).

The district court did not mention one specific circumstance that Levy now raises on appeal: a letter stating that Levy helped another individual when a truck was stolen. Appellant Br. at 7–8, 14. But the district court did not need to mention this letter. "Although Congress requires a court to give 'the reasons' for its sentence, it does not say that courts must give the reasons for rejecting any and all arguments made by the parties for alternative sentences." *Vonner*, 516 F.3d at 387 (quoting 18 U.S.C. § 3553(c)). The district court did not plainly err.

## C. Substantive Reasonableness

Next, Levy challenges the substantive reasonableness of his sentence. His within-guidelines sentence is presumptively reasonable. *Vonner*, 516 F.3d at 389. Levy argues that his sentence was substantively unreasonable because the district court placed too much weight on his

3

negative characteristics and ignored the positive ones. *See United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (explaining that a sentence may be substantively unreasonable if "the court placed too much weight on some of the § 3553(a) factors and too little on others" (citation omitted)); Appellant Br. at 16. As discussed above, however, the district court appropriately considered Levy's history and characteristics. Regardless of whether we would have imposed the same sentence, we cannot say that Levy's within-guidelines sentence was substantively unreasonable.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM**.